X:cases\MS51750\lm\LEGAL\JDG\Removal to SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GEORGE TAMMANY, TAMMANY FLOORING,
INC. and TAMMCO LTD.,

                      Plaintiffs,

   -against-

CHARLES HAWTHORNE, RYAN HAWTHORNE
and C & R FOREST PRODUCTS, INC.,

                      Defendants.
------------------------------------------------------------X

JUDGE CONNER

NOTICE OF REMOVAL

Docket No.: 07 CIV 6953

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §§ 1441 and 1446, defendants CHARLES HAWTHORNE, RYAN HAWTHORNE (hereinafter collectively "HAWTHORNE") and C & R FOREST PRODUCTS, INC., (hereinafter "C&R"), by their attorneys, Barry, McTiernan & Moore, hereby removes this action to the United States District Court for the Southern District of New York upon the following grounds:

1.     Defendants, HAWTHORNE and C&R, have been named in a civil action in the Supreme Court of the State of New York, County of Putnam, as captioned above, under Index No. 1347/2007 (hereinafter "Action"). This Action was filed on June 28, 2007. A copy of the Summons and Verified Complaint is attached as Exhibit "A".

### DIVERSITY JURISDICTION

2.     The United States District Court for the Southern District of New York has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1).

    A.     Plaintiffs' complaint alleges and asserts that this controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

B.  As illustrated further below, all plaintiffs are completely diverse from all defendants at the time the case was filed in the Supreme Court of the State of New York and at the time of this removal.

## LOCAL CIVIL RULE 81.1

3. Pursuant to Local Civil Rule 81.1 – Removal of Cases from State Courts, defendants states, while defendants do not know the residential address of the plaintiffs:

    A.    Plaintiff, GEORGE TAMMANY alleges in paragraph 1 of their Verified Complaint that plaintiff "is a resident of the State of New York, County of Putnam, with a place of business at 162 East Main Street, Brewster New York."

    B.    Plaintiff, TAMMANY FLOORING, INC. alleges in paragraph 2 of their Verified Complaint that plaintiff "is a domestic corporation with its principal place of business at 162 East Main Street, Brewster New York."

    C.    Plaintiff, TAMMCO LTD. alleges in paragraph 3 of their Verified Complaint that plaintiff "is a domestic corporation with its principal place of business at 162 East Main Street, Brewster New York."

    D.    Defendant, CHARLES HAWTHORNE, is an individual and is a citizen of the State of Washington. He resides at 1208 SE Nancy Road, Vancouver, Washington 98664 – Clark County.

    E.    Defendant, RYAN HAWTHORNE, is an individual and is a citizen of the State of Washington. He resides at 11401 NE 30th Circle, Vancouver, Washington 98682 – Clark County.

    F.    Defendant, C&R FOREST PRODUCTS, INC., is a foreign corporation incorporated in the State of Washington, with its principal place of business at 1208 SE Nancy Road, Vancouver, Washington 98664 – Clark County.

4. Without waiving any defenses to service or jurisdiction, HAWTHORNE and C&R were "served" with the aforementioned Action on July 12, 2007. This removal is timely under 28 U.S.C. § 1446.

5.  Notice of this removal will be promptly given to Plaintiffs' Counsel and the Clerk of the Supreme Court, Putnam County.

WHEREFORE, defendants, CHARLES HAWTHORNE, RYAN HAWTHORNE and C & R FOREST PRODUCTS, INC. hereby removes this Action to this Honorable Court.

Dated:      New York, New York
            August 2, 2007

_____
SUZANNE M. HALBARDIER (SMH-0310)
BARRY, McTIERNAN & MOORE
Attorneys for Defendants
CHARLES HAWTHORNE, RYAN HAWTHORNE
and C & R FOREST PRODUCTS, INC.
2 Rector Street, 14th Floor
New York, New York 10006
(212) 313-3600
Our File No.: MS51750

TO:   PAUL T. VINK, P.C.
      Attorneys for Plaintiffs
      1511 Route 22, Suite 206
      Brewster, NY 10509
      (914) 262-3584

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
GEORGE TAMMANY, TAMMANY FLOORING
INC., and TAMMCO LTD.,
        Plaintiffs,

-against-

CHARLES HAWTHORNE, RYAN HAWTHORNE,
and C & R FOREST PRODUCTS, INC.,

        Defendants.

Index No. 1347/2007
Date of Filing:

## SUMMONS

Venue is based on the residence and place of business plaintiffs

TO THE ABOVE NAMED DEFENDANTS:

  YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to answer or appear, judgment will be taken against you by default for the relief demanded in the notice set forth below and in the complaint.

Dated: Brewster, New York
   June 28, 2007

        PAUL T. VINK, PC

        By: _____
        Paul T. Vink, Esq.
        Attorney for plaintiffs
        1511 Route 22, Suite 206
        Brewster, NY 10509
        (914) 262-3584

*2007 JUN 28 PM 2:20 PUTNAM COUNTY CLERK*

Plaintiffs' Address:  162 East Main Street
        Brewster, NY 10509

Defendants' Address: 1208 SE Nancy Road
        Vancouver, WA 98664

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
GEORGE TAMMANY, TAMMANY FLOORING            Index No. 1347/2007
INC., and TAMMCO LTD.,
                                Plaintiffs,
     -against-                                  VERIFIED COMPLAINT

CHARLES HAWTHORNE, RYAN HAWTHORNE,
and C & R FOREST PRODUCTS, INC.,

                                Defendants.

Plaintiffs, George Tammany, Tammany Flooring, Inc., and Tammco, Ltd., by their attorney, Paul T. Vink, PC, as and for their Verified Complaint against the Defendants, alleges as follows:

The Parties

1. Plaintiff George Tammany (hereinafter "Tammany"), is a resident of the State of New York, County of Putnam, with a place of business at 162 East Main Street, Brewster, New York.

2. Plaintiff, Tammany Flooring, Inc. (hereinafter "TFI") is a domestic corporation with its principle place of business at 162 East Main Street, Brewster, New York.

3. Plaintiff, Tammco Ltd. (hereinafter "Tammco") is a domestic corporation with its principle place of business at 162 East Main Street, Brewster, New York.

4. Upon information and belief, defendant Charles Hawthorne is an individual resident of the State of Washington, with a residence at 1208 SE Nancy Road, Vancouver, WA

5. Upon information and belief, defendant C & R Forest Products, Inc. (hereinafter "C & R") is a foreign corporation organized and existing under the

laws of the State of Washington, individual resident of the State of Washington, with a residence at 1208 SE Nancy Road, Vancouver, WA.

6. Upon information and belief, C & R is owned by Charles and Ryan Hawthorne (hereinafter collectively referred to as Hawthorne).

7. Upon information and belief, defendant Ryan Hawthorne is an individual resident of the State of Washington, with a residence at 1208 SE Nancy Road, Vancouver, WA

## Background Facts

8. In or about August, 2006, Tammany and Hawthorne entered into a confidentiality agreement regarding certain flooring systems and contacts of Tammany. The purpose of the agreement was to engage in some initial dealings to determine if plaintiffs and defendants wanted to engage in business together.

9. Over the course of the next 9 months, plaintiffs divulged substantial business contacts and directed defendants in establishing accounts with certain material suppliers, and introduced defendants to numerous customers across the country and internationally.

10. In June, 2007, defendants contacted certain customers and advised them to stop payment on checks that had been written to plaintiff in payment of invoices from plaintiff, and redirected those checks to their own benefit.

11. Upon discovering this, plaintiff terminated the business relationship between the parties.

12. Despite termination of the business relationship, defendants have continued to interfere with the business contacts of plaintiff, including but not limited to the following actions:

    a. directing contact Louiseville Specialty Products that they should do business only through C & R, and not directly with plaintiff, claiming the account as their own;

    b. directing Capital Wood Flooring Supply not to pay outstanding invoices owed to plaintiff;

    c. improperly and fraudulently issued invoices to plaintiffs for materials and goods that were not sold to the plaintiff

    d. Other actions which are still being discovered.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST ALL DEFENDANTS FOR FRAUD

13. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through and including 12 as if fully set forth herein at length.

14. The actions of the defendants in back dating and reissuing invoices in the name of plaintiffs constitute fraud against plaintiffs.

15. The actions of defendants in having customer's stop payment on properly issued checks in payment of open invoices constitute fraud against plaintiff.

16. Plaintiff has been damaged by the actions of defendants in an amount to be proven at trial, but believed to be in excess of $100,000.00, plus an award of punitive damages against the defendants.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS FOR INTENTIONAL INTERFERENCE WITH CONTRACT, BREACH OF FIDUCIARY OBLIGATION AND THEFT OF PROPRIETARY INFORMATION AND FOR A PERMANENT INJUNCTION

17.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through and including 16 as if fully set forth herein at length.

18.   As part of the confidentiality agreement between the parties, plaintiff provided contact and product information of Louiseville Specialty Products Inc. (hereinafter "LSP") to defendants. Defendants had never heard of this company or the products that they make prior to the disclosure of plaintiff.

19.   The product purchased from LSP is a crucial component in a subfloor system manufactured and sold by plaintiff called TammTrac. This information would not have been divulged to defendants but for the confidentiality agreement.

20.   In breach of the agreement between the parties, defendants used the contact information of plaintiff to open their own account, rather than one for the benefit of plaintiffs.

21.   As a direct result of the actions of the defendants, LSP has indicated that any purchasing by plaintiff must be done through C & R.

22.   The defendants were given access to the premises and business of the plaintiff based on the personal relationships between them and the execution of the confidentiality agreement, and with the express purpose of aiding the plaintiff in pursuing its business.

23. Rather than protect the business of the plaintiffs, defendants undertook the above actions to the detriment of the plaintiffs, abusing their positions and breaching their fiduciary obligations.

24. Defendants stole and continue to use the proprietary information of the plaintiff in their competing business.

25. These actions cause continuing damage to the plaintiffs in their ability to conduct business, and give the defendants an unfair business advantage.

26. Defendants would not have had access to this information and knowledge but for the actions, fraud, and breach of fiduciary obligation perpetrated against the plaintiff.

27. The defendants continue to use this information to their advantage and to the disadvantage of the plaintiffs.

28. Plaintiffs demands judgment in an amount to be determined at trial but believed to be in excess of $10,000,000 representing the value of the information improperly taken from the plaintiff, plus an award of punitive damages against the defendants.

29. Plaintiffs further demand a permanent injunction against the defendants preventing them from conducting any business with any contact obtained from plaintiff, including but not limited to LSP, requests that this Court issue a preliminary injunction restraining the defendants from conducting such business, and requests that the Court issue an Order directing Defendants to advise LSP that they should deal with Plaintiff directly.

6

WHEREFORE, Plaintiff demands judgment as follows:

1. on the First Cause of Action in favor of Plaintiff and against all Defendants on the basis of Fraud in an amount to be proven at trial, but believed to be in excess of $100,000.00, plus an award of punitive damages against the defendants in the amount of at least $5,000,000.00;

2. on the Second Cause of Action for larceny in favor of Plaintiff and against defendants in an amount to be proven at trial, but believed to be in excess of $10,000,000.00, and an Order of the Court directing the return of the information at issue, plus an award of punitive damages against defendants in an amount to be determined at trial, but in excess of $10,000,000.00, and Plaintiff further demands a permanent injunction against the defendants preventing them from conducting any business with any contact received from plaintiff or manufacturing or selling any product disclosed by plaintiff, and requests that this Court issue a preliminary injunction restraining the defendants from conducting such business;

3. and for such other, further and different relief as the Court may deem just and proper.

Dated:   Brewster, New York
         June 28, 2007

                              PAUL T. VINK, PC

                              By: _____
                                  Paul T. Vink, Esq.
                              Attorney for plaintiffs
                              1511 Route 22, Suite 206
                              Brewster, NY 10509
                              (914) 262-3584

VERIFICATION

STATE OF NEW YORK  }
COUNTY OF PUTNAM   }Ss.:

GEORGE P. TAMMANY, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing Amended Verified Complaint, and know the contents thereof, and same are true to my own knowledge, except as to the matters stated to be upon information and belief, and as to those matters I believe them to be true. The basis of my belief as to all matters not based upon personal knowledge is conversations with witness in this action and a review of the books and records and my files in this matter.

_____
GEORGE P. TAMMANY

Sworn before me this
28th day of June, 2007

_____
Notary Public

PAUL T. VINK
Notary Public, State Of New York
No. 02VI4921127
Qualified In Westchester County
Commission Expires January 25, 2010

Index No.: 1347/2007
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

GEOGE TAMMANY, TAMMANY FLOORING INC., and TAMMCO, LTD.,

                         Plaintiff

-against-

CHARLES HAWTHORNE, RYAN HAWTHORNE, and C & R FOREST PRODUCTS, INC.

                         Defendants

## SUMMONS AND VERIFIED COMPLAINT

PAUL T. VINK, PC
Attorney at Law
Attorney for Plaintiff
1511 Route 22, Suite 206
Brewster, NY 10509
(914) 262-3584